RICHARD E. SWEET, Claimant, *vs.* STATE OF ILLINOIS, Respondent:

*Opinion filed April 25, 1929.*

HENRY TIERSKY, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The claimant in·this case is Richard E. Sweet, a Corporal in Co. F, 132nd Infantry, Illinois National Guard, having enlisted January 12, 1925, for a three year period.

In August, 1926, he was chosen by the Adjutant General of the State of Illinois to attend a course given at Camp Grant, Rockford, Illinois, in the use of hand grenades, rifle grenades, tear gas bombs and smoke screens. On August 6, 1926, the claimant attended the class in the Chemical Warfare School, and after the class had been dismissed, was returning to his tent. Before reaching his tent he noticed a box standing outside of the tent line with no markings on the box, and no one guarding it or in charge of it. The box contained several hand grenade detonators, and the claimant, assuming that the same were not dangerous, due to the fact that no markings were on the box advising of the explosive nature of the detonators, nor was anyone·in charge of them, took two of the detonators and proceeded to the tent of the Supply Sergeant, Sergeant Aharonian, who had attended the Chemical Warfare School the year previous, and who knew more about the detonators than the claimant. The claimant told Sergeant Aharonian where he had obtained the detonators and asked him to explain the workings of the detonator to him. Sergeant Aharonian agreed to do so, and proceeded to extract the powder from the detonator he was holding, at the same time explaining to the claimant the mechanism of the detonator. The claimant was examining the detonator he held when it exploded. As a result of the explosion the

claimant's right leg was blown open, the bone broken, and two-thirds of the muscle blown away just above the knee, also the first joint of his right thumb and one and one-half joints of his index finger and one joint of his second finger were blown off. His whole left hand was torn and burned, and his body, right hand and face were burned in many places.

The claimant was given medical attention at the Regimental Infirmary, and was later removed to the Base Hospital where he remained from August 6, 1926, until September 6, 1926, on which date he was transferred to the Chicago Hospital at 49th and Drexel Boulevard, Chicago, Illinois, where he remained from September 6, 1926, until April 30th, 1927, at which time he was discharged from the hospital. During the time the claimant was confined to the hospital, he received the sum of $42.00 per month, the same being a corporal's pay, and received no other compensation, all of his medical bills being paid by the State.

Prior to the injury he sustained by reason of the explosion, the claimant herein was a healthy and able-bodied man, employed as a typist and stenographer by Drs. Fox & Zimmerman, 4 South Austin Boulevard, Oak Park, Illinois, receiving a salary of $190.00 per month. After his discharge from the hospital he was unable to retain his position because of the loss of parts of his thumb, the second finger and the index finger, which loss made it impossible for him to operate a typewriter. He was not able to do work requiring physical exertion, and was, therefore, compelled to take a position as a file clerk at a salary of $100.00 per month which position he now holds.

The claimant is a married man, having a wife and child dependent solely upon him for support. He has no trade or profession aside from that of typist and stenographer, for which he is now unfit because of the injuries he has sustained. The salary of $100.00 which he now earns is not sufficient to provide for himself and his family in the most modest manner. It is, therefore, necessary that the claimant learn another trade or profession which will increase his earning capacity.

The court has held in numerous cases and particularly in the case of *Polion et al.* v. *State of Illinois,* V. 5, Court of Claims Reports, page 353, that where a claimant is injured or

disabled while in the performance of his duty, so as to prevent his working at his trade or other employment, he is entitled to an award pursuant to Section 10, Article XVI of the Military and Naval Code of the State of Illinois.

The claimant would be entitled to an award under the Workmen's Compensation Act and as a matter of equity and good conscience.

The Attorney General has filed a statement setting forth that the claimant in his statement properly sets up the facts; in his brief properly sets out the law, and in his argument properly applies the facts to the law.

As a matter of equity and good conscience and as a matter of law the court is of the opinion that an award should be made. We, therefore, award the claimant the sum of $1,650.00.